UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
AYSHEN LASTER,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 19-cv-993-FB

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER, ESQ.
485 Madison Avenue, Suite 501
New York, New York 10022

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Ayshen Laster seeks review of the Commissioner of Social Security's denial of her application for social security disability benefits. Both parties move for judgment on the pleadings. For the following reasons, Laster's motion is granted, Commissioner's motion is denied, and the case is remanded for further proceedings.

I

    Plaintiff filed an application for disability benefits on May 23, 2016. Her application was denied, and she requested a hearing before an ALJ. After the hearing, the ALJ ruled that plaintiff was not disabled. The ALJ assigned an RFC of:

1

physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion." *Wagner v. Sec'y of HHS,* 906 F.2d 856, 862 (2d Cir. 1990).

Dr. Xu opined that Laster could sit for less than two hours and stand/walk for less than two hours. Dr. Pollack, without reviewing Laster's records and after meeting her once, opined that she had moderate restrictions in standing, walking, and sitting. *See Garretto v. Colvin*, 2017 WL 1131906, at *21 (S.D.N.Y. Mar. 27, 2017) ("[The consultant's] use of the word 'moderate' is vague and provides no support for the ALJ's conclusion that plaintiff engage in these activities for six hours out of an eight hour day."). Dr. Pollack's opinion is hardly "overwhelmingly compelling" considering Dr. Xu treated Laster for years and performed blood tests and MRIs before forming her opinion. *Wagner*, 906 F.2d at 862.

Notably, however, the RFC contemplates plaintiff sitting for six hours a day. This is inconsistent with the opinions of both Dr. Xu and Dr. Pollack. In fact, the "six hours" figure does not come from a medical opinion in the record. Because the ALJ "improperly substituted his own opinion for that of a physician," the Court finds the RFC determination legally deficient and unsupported by substantial evidence. *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

3

## III.

For the foregoing reasons, Laster's motion is GRANTED and Commissioner's motion is DENIED, and the case is remanded for a new RFC determination in light of this memorandum and order.

**SO ORDERED.**

                                                    /S/ Frederic Block
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
August 27, 2020